BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

MATTHEW A. PARRELLA (NYSBN 2040855)
JOSEPH E. SPRINGSTEEN (DCBN 474317)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    E-Mail: Matthew.Parrella@usdoj.gov
           Joseph.Springsteen.usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 15-00236 LHK |
| Plaintiff, | |
| v. | UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO ADMIT EVIDENCE |
| ERIC POTRATZ, | Trial: August 11, 2017 |
| Defendant. | Court: Honorable Lucy H. Koh |

## INTRODUCTION

The government, by and through undersigned counsel, respectfully responds to defendant's motion to exclude the testimony of the government's experts. For the reasons stated below, the Court should deny defendant's motion.

## PROCEDURAL HISTORY

On August 10, 2017, the defense filed the instant motion to exclude testimony of the government's expert witnesses for the trial set to begin on August 11, 2017. No prior communication was made with the government to discuss the matter prior to filing. The government intends to dismiss

Count 6 of the indictment (the AndroHard count) prior to trial and had previously informed defense counsel of this fact.  As such the government's response will only address the testimony regarding Counts 2-5 (the Turinabol misbranding counts.)

**ARGUMENT**

**I.     The Testimony of Dr. Simone and Ms. Smith Does not Contain Legal Conclusions, and Testimony on the Ultimate Issue is Permissible in this Case**

Shani Smith, M.S., RAC, of the FDA's Office of Dietary Supplement Programs (ODSP) preformed a detailed evaluation of ingredients for the Primordial Performance product, "Turinabol-LV." Ms. Smith's analysis included searches for Chemical Identity, Patent Information, Scientific Literature, Dietary Ingredient Databases, Food Databases, and Drug Databases.

Arthur Simone, M.D., PhD., Senior Medical Advisor, FDA Center for Drug Evaluation and Research, conducted searches in numerous scientific databases listed in his report, as well as the labeling that the defendant placed upon the Turinabol-LV product.

The results of these searches are factual bases sufficient to admit the testimony under FRE 702(b).

The conclusions by Ms. Smith and Dr. Simone are not legal conclusions but are factual conclusions.  The ultimate issue of guilt is still clearly within the province of the jury, as there are numerous elements to each crime.

In addition, as the defense concedes, testimony by an expert witness regarding the ultimate issue is not per se improper.  First, FRE 704 does not bar legal conclusions; it bars only "inadequately explored legal criteria."  Second, in *Hangarter v. Provident Life and Accident Inc. Co.*, 373 F.3d 998 (9th Cir. 2004), the Ninth Circuit held that an expert witness can testify about his understanding of state law in expressing his opinions and can aid the jury in understanding the facts using legal terms, especially where the legal references are ancillary to the ultimate issue. Third, legal testimony, given in sufficient detail, is allowable to explain technical, complicated areas of the law.

**II.    Dr. Simone's Expected Testimony Complies with both Rule 702 and the *Daubert* Standards, and Should be Admitted**

The defendant's assertion that Dr. Simone's testimony does not the standards of either Fed. R. Evid. 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), is incorrect, and the testimony should be admitted.

The defense has had nearly two months since receiving the government's expert notice regarding Dr. Simone in which to raise this objection or request a *Daubert* hearing, and failed to do so until the eve of trial.  Nonetheless, Dr. Simone's anticipated testimony meets the requirements of both Rule 702 and *Daubert*.  In its motion, the defendant identifies the correct standards but then misapplies them to the facts of this case.  Defense Motion to Exclude, Dkt. 108, at 4-5.

The government initially provided Dr. Simone's *Curriculum Vitae* to the defense on June 14, 2017.  The C.V. establishes Dr. Simone's extensive background and experience in the medical field and, more particularly, his expertise in the area of assessing whether a product is a "drug," a "new drug," and or a "prescription drug," both medically and in the context of relevant federal regulations.  Dr. Simone is a recognized expert in the field, and is unquestionably qualified to produce the report and testify in this case.

In his report, which was also disclosed to the defense on June 14, 2017, Dr. Simone carefully and explicitly lays the facts and methodologies upon which he bases his conclusions.  *See* Report of Dr. Arthur Simone, New Drug and Prescription Determinations, June 13, 2017, at 3-8.  That some of his conclusions are based upon his interpretation of statutory and regulatory guidelines is of no significance.  To use a common example, it is generally accepted that an expert in a case involving a felon in possession of a firearm may testify whether an alleged firearm has elements consistent with the applicable laws and regulations.  This case is no different.  Dr. Simone is not making a legal conclusion, but rather, is determining whether the alleged Turinabol meets applicable standards.  This is well within his purview as an expert.

In conclusion, the defense's attempt to argue that Dr. Simone's reliance on applicable laws and regulations as the partial bases for his conclusions somehow renders them unreliable or not "expert testimony" is misplaced, and the defense's motion should be denied.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny the Defendant's Motion to Admit Evidence in its entirety.

DATED: August 10, 2017                              Respectfully submitted,

                                                                  BRIAN J. STRETCH
United States Attorney

                                                                  /s/
MATTHEW A. PARRELLA
JOSEPH E. SPRINGSTEEN
Assistant United States Attorneys

U.S.' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE
CR 15-00236 LHK                                                           4