UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br>        Plaintiff,<br>   v.<br>ERIC POTRATZ,<br>        Defendant. | Case No. 15-CR-00236-LHK-1<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

Dated: August 10, 2017

_____
LUCY H. KOH
United States District Judge

Case No. 15-CR-00236-LHK-1
PRELIMINARY JURY INSTRUCTIONS

1

# JURY INSTRUCTION NO. 1
# RE: DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

**JURY INSTRUCTION NO. 2**

**RE: THE CHARGE – THE PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government. The government charges Mr. Potratz by indictment with six counts: Distribution of Anabolic Steroids; Introduction of a Misbranded Drug Into Interstate Commerce; Introduction of Unapproved New Drug Into Interstate Commerce; Misbranding a Drug While Held for Sale; Failure to Register a Drug Establishment; and Introduction of a Misbranded Drug into Interstate Commerce. The indictment is simply the description of the charge made by the government against Mr. Potratz; it is not evidence of anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

# JURY INSTRUCTION NO. 3
# RE: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

**JURY INSTRUCTION NO. 4**

**RE: WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Case No. 15-CR-00236-LHK-1
PRELIMINARY JURY INSTRUCTIONS

# JURY INSTRUCTION NO. 5
## RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Case No. 15-CR-00236-LHK-1
PRELIMINARY JURY INSTRUCTIONS

# JURY INSTRUCTION NO. 6
## RE: RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# JURY INSTRUCTION NO. 7
# RE: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

# JURY INSTRUCTION NO. 8
# RE: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, Youtube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same

1  evidence that each party has had an opportunity to address. A juror who violates these restrictions
2  jeopardizes the fairness of these proceedings, and a mistrial could result that would require the
3  entire trial process to start over. If any juror is exposed to any outside information, please notify
4  the court immediately.

# JURY INSTRUCTION NO. 9
# RE: NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

# JURY INSTRUCTION NO. 10
## RE: TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

# JURY INSTRUCTION NO. 11
# RE: OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

# JURY INSTRUCTION NO. 12
# RE: CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

**JURY INSTRUCTION NO. 13**

**RE: BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.