UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC POTRATZ,<br><br>Defendant. | Case No. 15-CR-00236-LHK-1<br><br>**ORDER RE: DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT EXPERTS' TESTIMONY**<br><br>Re: Dkt. No. 108 |

The Court has reviewed the Defendant's motion to exclude expert testimony, ECF No. 108, and the Government's response, ECF No. 110. Federal Rule of Evidence 704(a) provides that expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). However, "an expert witness cannot given an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (internal quotation marks omitted). "Similarly, instructing the jury as to the applicable law 'is the distinct and exclusive province' of the court." *Id.* (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)).

Here, Dr. Arthur Simone and Ms. Shani Smith have issued memoranda that describe the

1
Case No. 15-CR-00236-LHK-1
ORDER RE: DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT EXPERTS' TESTIMONY

chemical characteristics of Turinabol LV, the medical literature regarding steroids, certain relevant drug databases, and official FDA records. *See, e.g.*, ECF Nos. 108-2 & 108-3. Dr. Simone concludes that Turbinol LV "is a drug, a prescription drug, a new drug, and an unapproved new drug" within the meaning of the FDCA. *See, e.g.*, ECF No. 108-2, at 3. Ms. Smith concludes that certain ingredients "do not fit the definition of a dietary ingredient according to section 201(ff)(1)" of the FDCA. *See, e.g.*, ECF No. 108-3, at 2.

Dr. Simone's and Ms. Smith's conclusions that Turbinol LV is not "a drug, a prescription drug, a new drug, and an unapproved new drug" within the meaning of the FDCA, and that certain ingredients do not fit the definition of a dietary ingredient within the meaning of the FDCA, *see, e.g.*, ECF No. 108-2, at 3, constitute ultimate legal conclusions that relate directly to the crimes charged in the indictment. *See United States v. Girod*, 2016 WL 3512159, at *3 n. 5 (E.D. Ky. June 22, 2016) (cautioning, in a case where the defendant was charged with violating 21 U.S.C. §§ 331 and 333, that the issue of whether the product was "a drug under 21.U.S.C. § 321(g)" was an issue that "should be left to the jury," rather than through the opinion of an expert witness); *United States v. Caputo*, 382 F. Supp. 2d 1045, 1053 (N.D. Ill. 2005) (finding, in a case in which defendant was charged with violating 21 U.S.C. § 331, that an expert "c[ould] describe his understanding of the FDA's enforcement policy" and "give his opinion as to whether [and why] [FDA enforcement policy] was applied to Defendants," but that expert "c[ould] not give his opinion as to what the application of [FDA] policy did or did not permit Defendants to do"). In the case relied upon by the Government, the state laws to which the expert witness testified were not "directly at issue in the case." *See Hangarter*, 373 F.3d at 1017. That is not the case here with regards to the FDCA.

The Court GRANTS Defendant's motion to the extent it seeks to exclude Dr. Simone's and Ms. Smith's conclusions that Turbinol LV is not "a drug, a prescription drug, a new drug, and an unapproved new drug" within the meaning of the FDCA, and that certain ingredients do not fit the definition of a dietary ingredient within the meaning of the FDCA. Otherwise, the Court DENIES Defendant's motion.

**IT IS SO ORDERED.**

Dated: August 10, 2017

_____
LUCY H. KOH
United States District Judge